UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

PEGGY MORRIS,

         Plaintiff

   - versus -

NEW YORK CITY et al.,

         Defendants.

ORDER

14-CV-1749 (JG)

JOHN GLEESON, United States District Judge:

  *Pro se* plaintiff Peggy Morris moves under Rule 59(e) for reconsideration of my May 1, 2014, order that granted her *in forma pauperis* status, allowed her claims against the City of New York and several New York City Police Officers to proceed, and dismissed the private defendants from the case. I dismissed Morris's claims against the private defendants on the ground that the complaint fails to plausibly allege that they acted under color of law as required to sustain a claim under 42 U.S.C. § 1983. *See* Mem. and Order, ECF No. 4, May 1, 2014.

  Morris first argues that several of the private defendants can be considered to have acted under color of law because the complaint alleges that they knowingly filed false affidavits stating that Morris had been served documents relating to an eviction proceeding against her and otherwise engaged in and conspired to engage in "sewer service."[1] Compl., ECF No. 1, at ¶¶ 87-88, 123-27. Second, Morris contends that the remaining private defendants should not have been dismissed because the complaint plausibly alleges that they acted under color of law by conspiring with the police to unlawfully arrest Morris.

---

[1] "Sewer service" is an "ignominious practice" carried out by "vicious process servers who file fraudulent affidavits of service" in order to obtain default judgments or the eviction of tenants. *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971).

I agree with Morris's first argument and for the reasons stated below hereby amend my May 1, 2014, memorandum and order to allow Morris's claims against Serena A. May, McCrary's Justice Center, Dawnett Simpson Clark, the Law Offices of Salami-Oyakhilome, P.C., and Sadatu Salami-Oyakhilome to proceed.

Assuming without deciding that Morris had a property interest in the apartment that she was living in despite not being on the lease, she is entitled to protection of the federally secured Fourteenth Amendment right to procedural due process. An essential part of this right in the context of an eviction proceeding is notice – either actual notice or constructive notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Schroeder v. City of New York*, 371 U.S. 208, 211 (1962); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Deprivation of that right is a valid claim, cognizable in this Court, so long as the deprivation was accomplished by someone acting under color of State law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 166 (1970). A duly licensed state process server, executing a false affidavit of service of a summons on a defendant in a civil proceeding, may well be directly responsible for the absence of notice. Such "sewer service" is a denial of due process by one engaged in "essentially and traditionally a public function," *United States v. Wiseman*, 445 F.2d 792, 796 (2d Cir. 1971), which satisfies § 1983's under-color-of-state-law requirement. *See Sanchez v. Abderrahman*, No. 10-CV-3641, 2012 WL 1077842, at *7 (E.D.N.Y. Mar. 30, 2012) (applying *Wiseman* to conclude that process server could be liable as a state actor under § 1983). Therefore, Morris's claims against defendants Serena May and McCrary's Justice Center, the alleged process server and her company, may proceed.

Morris further alleges in the complaint that Dawnett Simpson Clark, the Law Offices of Salami-Oyakhilome, P.C., and Sadatu Salami-Oyakhilome conspired with May to effectuate the "sewer service" and provided false statements and affidavits in the eviction proceedings. Compl., ECF No. 1, at ¶¶ 87-88, 123-27. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *See Academy v. Tennessee*, 531 U.S. 288, 304-05 (2001) (discussing whether athletic association was a state actor within the reach of § 1983); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants were not state actors). However, Morris alleges that these private actors conspired with the process server – a state actor for § 1983 purposes as discussed above – in an effort to unlawfully evict Morris from her apartment. "[A] private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes*, 398 U.S. at 152). To hold a private actor liable under § 1983 for their involvement with state action a complaint must allege facts demonstrating that the private entity and a state actor "acted in concert to commit an unconstitutional act." *Id.* (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992)). There must be "such a close nexus" between the private actor and the state that the underlying conduct "may be fairly treated as that of the state itself." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). Although it is a close question in this case, in light of the principle that state action may be found "where the private actor operates as a willful participant in joint activity with the State or its agents," *id.* at 313, and because I am obligated to liberally construe the complaint, on reconsideration I decline to dismiss these private actors at this juncture. *See Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011).

Morris also argues that her claims against the other private defendants – Jason Clark, Tybsy Palmer, Carlton Brown, Frank Jordon, Tanyalee Murray, Linda Pierre, and "John Doe aka Ragon" – should not have been dismissed for a lack of state action because these private defendants conspired with the police to have Morris arrested. Morris seems to infer joint action between the police and these private defendants because the defendant police officers spoke with several of these individuals before and after arresting Morris on August 22, 2013, and on other instances when they were called (often by Morris) to the residence where Morris and several of these individuals were living. *See* Compl., ECF No. 1, at ¶¶ 63,75; Rule 59(e) Mot., ECF No. 6, at 11. An inference that a conspiracy existed or joint action was undertaken between the police and these private defendants is not plausible here on the facts alleged; it is a normal part of police work for officers to speak with and question complaining witnesses when they are called to a location. "The provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of § 1983." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 196 (E.D.N.Y. 2010) (citing *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999)). In sum, I see no reason to disturb my earlier conclusion that Morris's allegations regarding a conspiracy or joint effort between the police and any of the private defendants to violate her constitutional rights are too conclusory to plausibly state a claim.

Accordingly, my May 1, 2014, order dismissing Morris's claims against the private defendants is amended to reflect that the claims against Serena A. May, McCrary's Justice Center, Dawnett Simpson Clark, the Law Offices of Salami-Oyakhilome, P.C., and Sadatu Salami-Oyakhilome are not dismissed. The Clerk of Court is directed to issue

summonses against these defendants and the United States Marshals Service is directed to serve copies of the complaint, this order, and the summonses without prepayment of fees.

So ordered.


John Gleeson, U.S.D.J.

Dated: August 8, 2014
      Brooklyn, New York