UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

PEGGY MORRIS,

       Plaintiff,

- against -

POM JP MARCANTONIO, POM TM SKOBLA, POM VILLANUEVA, DAWNETT SIMPSON, SERENA A. MAY, McRARY'S JUSTICE CENTER, LAW OFFICES OF SALAMI-OYAKHILOME, P.C., and SADATU O. SALAMI-OYAKHILOME,

       Defendants.

-----------------------------------------------------------

**DECISION AND ORDER**

14-cv-1749 (AMD)(LB)

**ANN DONNELLY**, District Judge.

The *pro se* plaintiff, Peggy Morris, brought this action on March 14, 2014 for alleged violations of federal and New York state laws in connection with her claimed illegal eviction and unlawful arrest. Currently pending is Magistrate Judge Lois Bloom's June 9, 2016 recommendation that this case be dismissed pursuant to Rules 37(b)(2)(A)(v) and 37(d) of the Federal Rules of Civil Procedure, to which the plaintiff has objected. I have reviewed Judge Bloom's thorough and well-reasoned opinion, as well as the plaintiff's objections to that opinion. I adopt the report and recommendation in its entirety and as supplemented by this decision, and this action is dismissed with prejudice.

1

## BACKGROUND

The facts alleged in the complaint are discussed in greater detail in the Honorable John Gleeson's May 1, 2014 Memorandum and Order dismissing some of the plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] In short, the plaintiff asserts that officers from the 113th Precinct subjected her to a "campaign of police misconduct" beginning in 2007, which resulted in her "unlawful eviction" from her New York apartment in July of 2011. She then moved in with Dawnett Simpson Clark, who later sought to evict the plaintiff.[2] The plaintiff asserts that Clark's attorney, Sadatu O. Salami-Oyakhilome, and her firm, the Law Offices of Salami-Oyakhilome, P.C., improperly served the eviction notice. According to the plaintiff, Clark also made false statements to the police, which resulted in the plaintiff's unlawful arrest in August of 2013. The plaintiff, who now lives in Deland, Florida, filed this action on March 14, 2014 for alleged violations of Sections 1982, 1983, 1988 and federal and New York state laws.[3]

On December 3, 2015, Judge Bloom issued a comprehensive order that clearly explained the process of discovery. She set April 29, 2016 as the deadline by which the parties were to complete all discovery. (ECF No. 79.) In that order, Judge Bloom stated: "Plaintiff must appear for her deposition in New York. Plaintiff and Defendants' counsel should cooperate to arrange Plaintiff's deposition." (ECF No. 79 at 2.)

Four months later, on April 18, 2016, Assistant Corporation Counsel Erin Ryan sought an order compelling the plaintiff to appear for her deposition. (ECF No. 81.) Ms. Ryan represented that the plaintiff refused to travel from Florida. (ECF No. 81.) At the time, Ms. Ryan said that

---

[1] This case was reassigned to me in March of 2016.
[2] In describing the factual history of the plaintiff's action, Judge Bloom described the plaintiff's relationship with Dawnett Simpson Clark as a friendship that "quickly deteriorated." The plaintiff objects to this characterization, and says that their relationship was instead a "business association." (ECF No. 94 at 13.) While this distinction is of no consequence to Judge Bloom's recommendation of dismissal, I modify the factual findings to note that the plaintiff and defendant Clark were not in fact friends.
[3] On reconsideration, Judge Gleeson restored some of the claims dismissed by the May 1, 2014 Order.

2

the defendants would explore the possibility of taking the plaintiff's testimony by video conference, but that it was unclear whether this would be feasible. (ECF No. 81.)

The same day, the parties asked for an extension of time for discovery. (ECF No. 82.) In her letter making that request, the plaintiff explained that she could not afford to travel to New York to attend her deposition. (ECF No. 82.) The plaintiff also maintained that she should not have to be deposed; specifically, she asserted her "expressed belief that as a matter [of] law of this action can be decided on evidence already on the record that can only be heightened in favor of the Plaintiff upon the submission of available and appropriate documentary evidence, so that there is no legitimate purpose for a deposition." (ECF No. 82 at 2.)

On April 25, 2016, Judge Bloom granted the parties' request in part, and extended the discovery deadline by thirty days to May 30, 2016. (ECF No. 83.) Additionally, Judge Bloom ordered that "[i]f necessary, Defendants shall conduct Plaintiff's deposition by video conference." (ECF No. 83.)

Accordingly, Ms. Ryan spoke with the plaintiff over the telephone and by email in an effort to schedule the deposition by video conference. (ECF No. 84.) The plaintiff said that she did not have access to video conferencing technology, so Ms. Ryan coordinated with Diamond Reporting to take the plaintiff's deposition in Daytona Beach, Florida, a thirty minute drive from Deland, Florida—the town in which the plaintiff resides. (ECF No. 84.) The plaintiff objected to that location as well, and insisted that Ms. Ryan arrange the videoconference in Deland, Florida. (ECF No. 84-2, 84-4.)

After a series of exchanges, Ms. Ryan made efforts to accommodate the plaintiff's demands, and made arrangements to take the plaintiff's video conference deposition on May 25, 2015 in Deland, Florida. The plaintiff confirmed the date and location. (ECF No. 84-4.)

However, on May 16, 2016, a week before the deposition, the plaintiff emailed Ms. Ryan a letter entitled "Alarming Open 113th Police Precinct Complaint." (ECF No. 84-5.) The plaintiff, citing documents that she had received in discovery,[4] described the deposition as a "ploy" to arrest her, and said that she would not attend. (ECF No. 84-6.) In response, Ms. Ryan assured the plaintiff that New York City police officers would not be present at her deposition, and that the only purpose of the deposition was to take her testimony. (ECF No. 84-6.) On May 17, 2016, the plaintiff emailed Ms. Ryan and said that "it may be more safe than not for me appear [sic] for the video conference." (ECF No. 84-6.) Ms. Ryan then called the plaintiff on May 18, 2016 to confirm her attendance at the deposition; the plaintiff hung up without promising to attend. (ECF No. 84 at 3.)

On May 19, 2016, the defendants moved to compel the plaintiff to appear for her deposition by a date certain, on pain of dismissal for failure to prosecute. (ECF No. 84.)

In a letter dated May 19, 2016, which was filed with the Clerk's Office on May 27, 2016, the plaintiff claims that "the court is only concerned with the defendants['] discovery demands and more likely than not only those portions of the law and legal procedures that favor the defendants and violates Plaintiff['s] constitutional right to access to the courts." (ECF No. 88.) The letter made no reference to her belief that she would be arrested if she appeared for her deposition. Instead, the plaintiff seems to protest what she characterizes as the defendants' inadequate discovery responses.

---

[4] The documents included an I-Card, a copy of a Temporary Protective Order obtained against the plaintiff, and an open NYPD Complaint. (ECF No. 84-5.) An I-Card is a "device detectives use to notify patrol officers that a person is wanted for questioning either as a witness or suspect." *Keith v. City of New York*, No. 11-cv-3577-KPF, 2014 WL 6750211, at *2 n.7 (S.D.N.Y. Dec. 1, 2014) (quoting *People v. Diaz*, 34 Misc. 3d 1211(A), 943 N.Y.S.2d 793 (Sup. Ct. 2011)).

The next day, on May 20, 2016, Judge Bloom ordered the plaintiff to appear for her deposition on May 25, 2016. (ECF No. 85.) Moreover, Judge Bloom warned that if the plaintiff "fails to timely appear for her deposition, the Court shall recommend that her case should be dismissed." (ECF No. 85.)

As directed by the Court, Ms. Ryan emailed Judge Bloom's May 20, 2016 Order to the plaintiff. In response, the plaintiff wrote, "It must be nice to have a magistrate judge in your pocket who is so willing to violate her oath of office and flagrantly commit fundamental errors of law who joins in a conspiracy with you, the NYC Law Department, you and others to violate my civil rights in violation of criminal civil rights laws." (ECF No. 86-1.)

The plaintiff failed to attend her May 25, 2016 deposition. The defendants advised Judge Bloom of this fact in a letter motion requesting dismissal of the plaintiff's action.[5] (ECF No. 87.) In a letter dated May 27, 2016, which was filed with the Clerk's Office on May 31, 2016, the plaintiff objected to the defendants' motion to dismiss and requested an extension of time to oppose the defendants' motion. (ECF No. 89.) There again, the plaintiff "contest[ed] Corporation Counsel's and the Court's one-sided comprehension of federal discovery rules that only this Plaintiff must follow the rules while the Defendants' [sic] are excused therefrom." (ECF No. 89 at 1.) The plaintiff did not otherwise explain her failure to attend her deposition. (ECF No. 89 at 2.)

On June 9, 2016, Judge Bloom recommended dismissal of the plaintiff's action pursuant to Rules 37(b)(2)(A)(v) and 37(d) of the Federal Rules of Civil Procedure. I twice granted the plaintiff's request for an extension of time to object to the report and recommendation. On

---

[5] The defendants moved pursuant to Rules 37 and 41. Judge Bloom recommended that the action should be dismissed as a discovery sanction pursuant to Rule 37, and thus declined to address the defendants' alternative request that the action be dismissed for failure to prosecute pursuant to Rule 41.

5

August 24, 2016, the plaintiff filed her objections, and on September 1, 2016, the plaintiff advised the Court by letter that she had made a complaint to the United States Attorney's Office.

For the reasons set out below, I adopt Judge Bloom's report and recommendation in its entirety.

## DISCUSSION

In considering a magistrate judge's report and recommendation, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b).

When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must determine anew any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted).

If a party objects to any part of the recommendation, she must "point out the specific portions" to which she objects. *Id.* If the objections are "conclusory" or "general" or "simply reiterate [her] original arguments," the Court is to review the report and recommendation "only for clear error." *Id.*

Judge Bloom recommends dismissal pursuant to Rules 37(d)(1)(A) and Rule 37(b)(2)(A), which permit the Court to impose sanctions—including dismissal—if a party fails to appear for her deposition or does not obey a discovery order. In making this recommendation, Judge Bloom determined that the plaintiff's decision not to sit for her deposition was willful. Indeed, the plaintiff's communications with defense counsel and the Court make it plain that she

understood Judge Bloom's orders, but simply did not believe that she had to follow them. Judge Bloom also recognized that less drastic sanctions would not be effective, particularly in view of the plaintiff's increasingly hostile attacks on the Court and the defendants' counsel, and her persistence in refusing to sit for her deposition in the face of Judge Bloom's explicit warning that she would recommend dismissal if the plaintiff did not comply with her order. *See Agiwal v. Mid Island Mortgage Coro.*, 555 F.3d 298, 302–03 (2d Cir. 2009) (per curiam).

The plaintiff makes numerous objections to Judge Bloom's report and recommendation, which generally fall into four categories.[6] First, the plaintiff accuses Judge Bloom and Judge Gleeson of treating her unfairly. Second, she reiterates her objections to decisions that the Court made years ago, which were not the subject of Judge Bloom's recommendation. Third, the plaintiff asserts that Judge Bloom did not give the plaintiff the opportunity to be heard. And finally, the plaintiff points out that dismissal is an extreme sanction, which she argues is unwarranted.

The plaintiff expends considerable energy in attacking both Judge Gleeson and Judge Bloom, and does so in hyperbolic, disrespectful, and baseless fashion. For example, the plaintiff accuses Judge Bloom of "fraud" and corruption. (ECF No. 94 at 1.) She says that Judge Gleeson and Judge Bloom used unlawful "high handed tactics" to "intimidat[e]" her. (ECF No. 94 at 13–14.) The plaintiff accuses Judge Bloom of "penaliz[ing]" her for bringing her case in New York and for ignoring the supposedly "dilatory conduct" of the defendants. (ECF No. 94 at 12.) Finally, she charges that Judge Bloom ordered her to appear for her deposition as part of some "future ruse to recommend and/or order a wrongful dismissal." (ECF No. 94 at 14.)

---

[6] The plaintiff numbers her objections one through six. However, each objection contains multiple sub-parts, and some are duplicative of others.

7

To be clear, Judge Bloom does not recommend that I dismiss the plaintiff's case as punishment for her reckless accusations against the judges that have presided over this case. Nor do I modify Judge Bloom's recommendation to incorporate this as a ground for dismissal. The plaintiff is advised, however, that her pattern of behavior and insulting language might very well support such as sanction, as "[i]nvective-laden diatribes" drain resources and interfere with courts' ability to adjudicate genuine disputes. *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011).

In any event, the record soundly refutes the plaintiff's complaint that Judge Gleeson and Judge Bloom treated her unfairly. Both judges were extraordinarily patient; they accommodated her and protected her access to the court. Judge Bloom in particular extended the plaintiff considerable leeway in discovery. She thoroughly explained the plaintiff's discovery obligations, and pointed out early in the process that the plaintiff had to sit for her deposition. No matter how many obstacles the plaintiff put in the way, Judge Bloom tried to accommodate her. Thus, when the plaintiff said she could not come to New York for her deposition, even though she filed the lawsuit here, Judge Bloom extended the discovery schedule, and ordered the defendants to conduct the plaintiff's deposition by telephone conference. Moreover, Judge Bloom specifically warned the plaintiff that failure to attend her deposition would result in a recommendation of dismissal.

The plaintiff also attempts to revive claims against that Judge Gleeson already dismissed.[7] The dismissal of these claims was not the subject of Judge Bloom's June 9, 2016 report and recommendation, and I do not consider it.

---

[7] Specifically, the plaintiff objects to the dismissal of her claims against Tanyalee Murray and Sergeant John McCormick. (ECF No. 94 at 11.) Judge Gleeson *sua sponte* dismissed the plaintiff's claims against Ms. Murray in May of 2014, and granted the defendants' motion to dismiss the claims against Sergeant McCormick in April of 2015.

8

Additionally, the plaintiff contends that Judge Bloom should have heard from her before granting the defense motion to compel her attendance at her deposition.[8] This objection is not persuasive. A litigant is only entitled to be heard on the *sanctions* considered under the motion to compel.[9] *See* Fed. R. Civ. P. 37(a)(5). In this case, Judge Bloom's order that the plaintiff sit for her deposition was not a sanction; rather, it was a straight-forward and altogether reasonable direction designed to move the case along. Judge Bloom explicitly warned the plaintiff that if she did not attend, the judge would recommend dismissal. The plaintiff was more than adequately heard in her oppositions to the motion to compel and the motion to dismiss. Moreover, those submissions did not make any factual representations or legal arguments that would have altered Judge Bloom's initial decision to compel the plaintiff to sit for her deposition. Under these circumstances, the fact that Judge Bloom granted the motion to compel without first hearing from the plaintiff does not form the basis for rejecting the recommendation of dismissal.

In her opposition to the motion to compel and in her objection to the report and recommendation, the plaintiff maintains that she refused to sit for her deposition because she feared that she would be arrested on what she calls a "wanted" complaint that originated from a Queens, New York police precinct. The plaintiff's objection is neither credible nor reasonable. First, there was no warrant for the plaintiff's arrest. Second, her deposition was scheduled to take place not in New York, but in Deland, Florida, where New York City police officers have

---

[8] Relatedly, the plaintiff objects to the Court's decision precluding her from electronically filing her submissions. To the extent that the plaintiff seeks reconsideration of my decision not to permit her to file her submissions electronically, that request is denied. *See Curtis & Associates, P.C. v. Law Offices of David M. Bushman, Esq.*, No. 09-cv-890-KAM-RER, 2009 WL 1437618, at *1 (E.D.N.Y. May 20, 2009) (only attorneys admitted to practice in the Eastern District of New York may register to file electronically).

[9] By contrast, the district court has the power to dismiss a case *sua sponte* for failure to prosecute, pursuant to Rule 41. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Watkins v. Marchese*, No. 13-cv-3267-GBD-SN, 2015 WL 4605660, at *10 (S.D.N.Y. July 31, 2015), *appeal dismissed* (June 3, 2016).

no jurisdiction. Finally, even assuming that there had been a warrant, and that a police official was empowered to enforce it, the defendants' attorney assured the plaintiff that the purpose of the deposition was to take her testimony under oath, and that police officers would not be present.

An examination of this record makes it clear that the plaintiff's real objection was that she did not want to be deposed. She threw up roadblocks at every turn—first protesting the alleged inadequacy of the defendants' discovery responses, then refusing to travel to New York, then objecting to a video conference location in Daytona, Florida, and finally citing fear of arrest as the reason that she would not attend her deposition.

When a plaintiff brings suit in federal court, she is subject to its rules and the orders of the judges presiding over her action. By refusing to sit for her deposition, the plaintiff failed to "play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate [her] rights." *McDonald v. Head Criminal Court Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), *aff'd*, 850 F.2d 121 (2d Cir. 1988). This is grounds for dismissal.

It is true, as the plaintiff observes, that dismissal is an extreme sanction. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (dismissal pursuant to Rule 37 is a "drastic remedy"). However, I agree with Judge Bloom that it is warranted in this case. The plaintiff, who is an intelligent person, clearly understood her obligation to sit for her deposition. Judge Bloom warned her that her case would be dismissed if she did not comply with the order. Nevertheless, the plaintiff decided that she did not want to follow the Court's orders. Instead, she accused Judge Gleeson and Judge Bloom of corruption and fraud. To this day, she does not provide a credible explanation for her decision not to sit for her deposition and continues to excoriate the Court for its "flagrant abuse of the court's authority to achieve

justice." (ECF No. 94 at 15.) It is apparent that the plaintiff does not "respect the dignity of the proceeding," and that she will not "comply with the orders of the district court." *Koehl*, 424 F. App'x at 62. Under the circumstances, I conclude that lesser sanctions would not be effective.

Though *pro se* plaintiffs are treated with solicitude, all litigants are required to comply with court orders. When *pro se* litigants "flout that obligation they, like all litigants, must suffer the consequences of their actions." *Watkins v. Marchese*, No. 13-cv-3267-GBD-SN, 2015 WL 4605660, at *17 (S.D.N.Y. July 31, 2015), *appeal dismissed* (June 3, 2016) (citation omitted).

## CONCLUSION

Accordingly, I adopt Judge Bloom's report and recommendation in its entirety and as supplemented herein. The plaintiff's complaint is dismissed with prejudice.

**SO ORDERED.**

s/Ann M. Donnelly<br>
Ann M. Donnelly<br>
United States District Judge

Dated: Brooklyn, New York
       September 30, 2016